UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOSE ABREU,

                                 Petitioner,

    -against-

UNITED STATES OF AMERICA,

                                 Respondent.
-------------------------------------------------------------------x

**MEMORANDUM & ORDER**

17-cv-4660 (ERK)

**KORMAN, *J.*:**

      I assume familiarity with the underlying facts of this matter. Petitioner, Jose Abreu, pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(ii)(II), and 841(b)(1)(C). Abreu filed a petition, pursuant to 28 U.S.C. § 2241, challenging his conviction on various grounds. Because Abreu could not raise those grounds in a § 2241 petition, I directed him to advise me whether he wished to recharacterize his § 2241 petition as one under 28 U.S.C. § 2255. *See* Order, May 1, 2018, Dkt. No. 10. I warned petitioner that if he wished to have me recharacterize his § 2241 petition as a § 2255 petition and that petition were then denied, he would face significant restrictions on his ability to file a second or successive § 2255 petition. Nonetheless, petitioner asked to recharacterize his § 2241 petition as one under § 2255, Mot. in Compliance, Dkt. No. 11, which I now do.

      The problem for Abreu is that he agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 108 months or below," which it did. Plea Agreement, Dkt. No. 8-1 at 3, 8; *see also* 16-cr-141-ERK-ST, Dkt. No. 53. Abreu's "knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (per curiam).

1

Abreu, however, asserts that his lawyer deceived him by not telling him about the appeal waiver. He claims that he thus received ineffective assistance of counsel, which, if true, would also make his appeal waiver unenforceable. *See Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008). But his ineffective assistance claim fails. Not only has Abreu's lawyer stated in a sworn affidavit that he explained the waiver to Abreu on multiple occasions, *see* Dkt. No. 8-5, Abreu's sworn statements in open court undermine his claim. Abreu stated before the magistrate judge that he understood that "[b]y pleading guilty and by entering into the plea agreement . . . [he] will have waived or given up [his] right to appeal or collaterally attack all or part of the sentence." Tr. Crim. Cause for Pleading 13:17–23, Dkt. No. 8-2. Abreu further stated that he understood that "the plea agreement contains a waiver that [he] will not appeal or otherwise challenge [his] sentence as long as the Court imposes a term of imprisonment of 108 months or [less]." *Id.* at 13:24–14:9. The court is "entitled to rely upon the defendant's sworn statements, made in open court." *United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) (per curiam). Abreu knew about the waiver; he cannot now claim that his attorney deceived him by not telling him about it.

Even if Abreu had not waived his other claims, they are meritless. Contrary to Abreu's assertions, the PSR properly considered Abreu's prior felony in calculating his criminal history because that felony "resulted in the defendant being incarcerated during any part of" the period "within fifteen years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e)(1). Abreu was released from prison on August 4, 2003, *see* PSR ¶ 28, which is within fifteen years of his commencement of the instant offense, *see* 16-cr-141-ERK-ST, Dkt. No. 1 (indicating Abreu was indicted on February 25, 2016). Accordingly, Abreu's counsel did not provide ineffective assistance by failing to challenge the PSR's consideration of Abreu's prior

felony. Nor was his counsel ineffective in failing to argue for an additional one-point reduction for acceptance of responsibility. The PSR's Guidelines range, which I adopted, had already incorporated the maximum three-point reduction for acceptance of responsibility. *See* PSR ¶ 15, 24–25.

Abreu's petition is denied. I deny a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
June 8, 2018

*Edward R. Korman*
Edward R. Korman
United States District Judge